**Nordean S. COPAS and wife, Edith M. Copas, Plaintiffs-Appellants,**

v.

**George M. TIDWELL, Commissioner of Revenue, State of Tennessee, Defendant-Appellee.**

Supreme Court of Tennessee.

July 7, 1980.

———

William L. Rosenberg, Denney, Lackey & Chernau, Nashville, for plaintiffs-appellants.

William B. Hubbard, Deputy Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for defendant-appellee.

### OPINION

HARBISON, Justice.

The single issue presented on this appeal is whether sales tax liens, notices of which were filed pursuant to T.C.A. § 67–3033, have priority over rights created by a subsequently recorded installment deed. The Chancellor sustained the priority of the sales tax lien. After consideration of the issues, we affirm his decision.

It is the insistence of appellants, who purchased real property from a delinquent taxpayer, that notices of sales tax liens previously filed in the Register's Office were not eligible for registration because their execution had not been authenticated by either of the methods prescribed in T.C.A. § 64–2201. Accordingly appellants insist that although the lien notices had apparently been properly filed and indexed by the Register, they were not notice to subsequent bona fide purchasers or encum-

brancers for value. The sales tax liens of which notice had been filed were, appellants insist, not entitled to priority over the subsequent deed by which appellants acquired the property.

T.C.A. § 64–2201, on which appellants rely, provides:

"To authenticate an instrument for registration, its execution shall be acknowledged by the maker, or proved by two (2) subscribing witnesses, at least."

Neither of the two notices of lien filed by the Department of Revenue in this case bore an acknowledgment before a Notary Public or other official, nor was the signature of the Revenue official on either notice attested before subscribing witnesses. It is stipulated, however, that the forms of notice used in this case, which are official forms of the Department, have been consistently used by the Department since 1955 when the statute creating sales tax liens was enacted.

T.C.A. § 67–3033 permits the Commissioner of Revenue to issue distress warrants for the collection of delinquent taxes, interest and penalty and gives direction to the sheriff receiving the warrant as to its execution. The statute further provides:

"The tax herein levied shall be a lien upon all the property of the dealer against whom the same is assessed located in this state and shall be inferior only to state and county ad valorem taxes and to existing liens created by contracts, but it shall be superior to any renewals of existing contract liens; provided, however, that it shall be the responsibility of the department of revenue to file and have recorded a notice of such lien in the office of the county register of deeds in the county or counties where such property is located, and it shall be the duty of the county register to record notice of such lien in the same manner as other liens are filed in his office; such tax liens shall not be superior to any recorded lien except those subsequently placed of record."

It is readily apparent that this statute creates a lien upon the property of a delinquent taxpayer. It requires the Department to file and have recorded a notice of a claimed lien and specifically places responsibility upon the county register to record the notice "in the same manner as other liens are filed in his office . . . ."

There is no claim in this case that the Register failed to file appellee's lien notices in the same manner in which all other liens or notices of liens were filed. Nor do appellants claim any other deficiency in the notices which the Department had filed prior to the recording of appellants' deed from the taxpayer, except the absence of an acknowledgment or attestation.

Nothing in T.C.A. § 67–3033 calls for or requires acknowledgment or attestation of a lien notice, nor do we think that the provisions of T.C.A. § 64–2201, dealing generally with the authentication of the execution of documents for registration such as deeds and mortgages, are controlling here.

The Court dealt with a similar contention respecting notices of federal tax liens in the case of *Howard v. United States,* 566 S.W.2d 521 (Tenn. 1978). There the Court of Appeals had held that the provisions of T.C.A. § 64–2201 were applicable, that the federal tax lien notices had not been legally registered, and that they were inadmissible in evidence. Reversing, this Court referred to T.C.A. § 64–2110, requiring notices of liens for taxes payable to the United States to be "filed in the office of the register of deeds of the county within which the property subject to such liens is situated." The Court said:

"It will be noted that there is no requirement that they be acknowledged or witnessed—merely that they be filed." 566 S.W.2d at 527.

It was recognized in that case that the statutes creating the liens in question derived from acts of Congress. Neither federal lien statutes nor the applicable regulations required acknowledgment or attestation on lien notices.

In the present case the lien is created and authorized by a state statute which does not prescribe either authentication or acknowl-

**710**

edgment upon the lien notice. As pointed out by the Chancellor, this is a tax lien, and not a lien arising from a private debt or contractual obligation. The provisions of T.C.A. § 64–2201 are not by any means exclusive. Numerous other statutes provide for the filing of documents in the Register's Office which do not bear an acknowledgment or the attestation of witnesses, such as U.C.C. financing statements[1] or subdivision plats.[2]

We are of the opinion that there is no legal requirement that an official notice of a tax lien filed pursuant to T.C.A. § 67–3033 be acknowledged or attested. The judgment of the Chancellor is affirmed at the cost of appellants.

BROCK, C. J., and FONES and COOPER, JJ., concur.

HENRY, J., participated in the consideration of this case but his death occurred before the release of this opinion.